IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID KEVIN LEWIS, | § | |
| Petitioner, | § | |
| | § | 3:16-CV-807-D |
| v. | § | 3:12-CR-159-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. He was convicted of multiple counts of securities fraud as well as conspiracy to commit securities fraud. On January 24, 2014, the district court sentenced Petition to 360 months in prison. On December 8, 2014, the Fifth Circuit Court of Appeals affirmed his conviction and sentence.

On March 22, 2016, Petitioner filed the instant § 2255 petition. He argued he received ineffective assistance of counsel when: (1) counsel failed to properly preserve a statute of limitations defense; and (2) counsel failed to properly advise Petitioner regarding the risks and benefits of proceeding to trial.

On June 7, 2016, the government filed its answer. On August 22, 2016, Petitioner file a

reply. In his reply, Petitioner stated he abandons his first claim that counsel failed to properly preserve a statute of limitations defense. The Court finds the petition is barred by the statute of limitations and should be dismissed.

## II. Discussion

### 1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255(f).

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255 (1). On December 8, 2014, the Fifth Circuit affirmed Petitioner's conviction. Petitioner's conviction became final ninety days later on March 8, 2015. *See* Sup. Ct. R. 13. Petitioner then had one year, or until March 8, 2016, to file his § 2255 petition. Petitioner did not

file his petition until March 22, 2016. The petition is therefore untimely.

Petitioner argues his petitioner is timely because the Fifth Circuit entered a revised opinion on December 22, 2014. Petitioner claims the ninety day period started on December 22, 2014, and ended on March 22, 2015. He states he then had one year, or until March 22, 2016, to file his petition. Petitioner, who is represented by counsel, filed his petition on March 22, 2016.

The record shows that on December 8, 2014, the Fifth Circuit entered its opinion and final judgment. On December 22, 2014, the Fifth Circuit entered a "revised" opinion, which corrected a typographical error. The court did not enter a new judgment.

Under Supreme Court Rule 13.1, a petition for writ of certiorari to review the judgment of a United States court of appeals, must be filed within 90 days after entry of judgment. If, however, a petition for rehearing is filed in the lower court, or the lower court *sua sponte* orders a rehearing, "the time to file a petition for writ of certiorari runs from the date of the denial of the rehearing, or if rehearing is granted, the subsequent entry of judgment." *See* Sup. Ct. R. 13.3.

Here, no petition for rehearing was filed, and the Fifth Circuit did not *sua sponte* order a rehearing. Instead, the court entered a revised opinion and did not enter a new judgment. The 90 day time period for filing a petition for writ of certiorari therefore started on the date the judgment was entered, which was December 8, 2014.

Petitioner relies on *Hibbs v. Wynn*, 542 U.S. 88 (2004), to support his claim that the 90 days started from the date of the revised opinion. In *Hibbs*, prior to the passing of 90 days, the appellate court on its own motion recalled its mandate and ordered the parties to address whether the court should order rehearing. At the time of the *Hibbs*, decision, Supreme Court Rule 13 did not address whether a *sua sponte* court order would toll the 90 days. The *Hibbs* Court determine

that the 90 days period should be tolled during a court's *sua sponte* order considering rehearing.

*Hibbs*, therefore, follows current Supreme Court Rule 13 to find that a motion for rehearing, or a *sua sponte* order to consider rehearing, will toll the limitations period. The *Hibbs* Court noted that a "key characteristic" of a motion for rehearing is "whether the court will modify the judgment and alter the parties' rights." *Id*. at 98 (citing *Missouri v. Jenkins*, 495 U.S. 33 (1990)). Here, the Fifth Circuit did not modify the judgment or alter the parties' rights, but instead corrected a typographical error. The revised opinion did not act as a *sua sponte* rehearing, and did not extend the 90 day period past the judgment date.

Petitioner's AEDPA limitations period ended on March 8, 2016. He did not file his § 2255 petition until March 22, 2016. His petition is therefore untimely.

**2.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Movant bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has failed to show he was actively misled by the government, or that he was

prevented in some extraordinary way in asserting his rights. Further, any error by habeas counsel in failing to timely the § 2255 petition does not entitle Petitioner to equitable tolling. *See Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("Ineffective assistance of counsel is irrelevant to the tolling decision."). Petitioner has failed to establish he is entitled to equitable tolling.

**3.    Wartime Suspension of Limitations Act**

Petitioner claims the Wartime Suspension of Limitations Act (WSLA), 18 U.S.C. § 3287, renders his petition timely. The WSLA suspends the limitations period for the United States to prosecute certain crimes committed against the United States when the United States is at war. Petitioner has cited no authority that the WSLA applies to a petitioner filing a petition under § 2255. This claim is without merit.

**III.  Recommendation**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be dismissed as barred by the one-year statute of limitations.

Signed this 1st day of May, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).